IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TIMOTHY WAYNE TAYLOR, #1273662 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-243 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| DIRECTOR OF TDCJ-CID § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Timothy Wayne Taylor, a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division ("TDCJ-CID"). Respondent filed a Motion for Summary Judgment with Brief in Support seeking dismissal with prejudice of Petitioner's claims. (Instrument No. 15). Petitioner filed a response (Instrument No. 22). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 130th Judicial District Court of Matagorda County, Texas, in Cause Number 04-239, December 2, 2004. *Ex parte Taylor*, WR-63,755-01 at 5. Petitioner was indicted for the felony offense of aggravated robbery, with two prior felony convictions also alleged for purposes of enhancement. *Id.* at 4. Pursuant to a plea bargain agreement, he pled guilty to second degree robbery and was sentenced to twelve (12) years imprisonment. *Id.* at 5. Petitioner did not file an appeal.

On November 4, 2005, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Ex parte Taylor*, WR-63,755-01 at 8-28. The Texas Court of Criminal Appeals denied his writ without written order on February 15, 2006. *Id.* at cover.

Petitioner filed the instant writ in federal court on March 31, 2006. In his federal habeas corpus application Petitioner challenges his conviction on the following grounds: (1) he was denied effective assistance of counsel because his attorney did not order a psychiatric evaluation prior to his guilty plea; (2) the trial court abused its discretion in denying Petitioner's motion to dismiss his court-appointed attorney; (3) the trial court abused its discretion and Petitioner's due process right to present witnesses to refute the State's case against him in its desire for expediency; (4) he was denied due process because his attorney was ineffective in not mounting an adequate defense and refused to return Petitioner's phone calls or respond to his letters; and (5) there was no evidence or insufficient evidence to convict him of robbery. Fed. Writ Pet. at 7-8; Pet'r Memo. at 6-9.

## DISCUSSION

A. <u>Threshold Issue</u>

As a preliminary matter, a review of the state court records reflects that Petitioner presented the same claims in his state habeas corpus writ that he now presents in his federal habeas corpus writ. *Ex parte Taylor*, WR-63,755-01 at 20-28. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas corpus relief unless the petitioner shows that the state habeas court's result was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 406 (2000). In making this determination, a federal court's focus is on reasonableness of the state court's ultimate legal conclusion, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). Furthermore, when reviewing a state prisoner's federal habeas petition, "a determination of

a factual issue made by a State court shall be presumed to be correct," and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In the present case, Petitioner has merely restated the claims he presented to the state court and has failed to even attempt to demonstrate how the state court determination was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Accordingly, under the AEDPA, Petitioner is not entitled to federal habeas corpus relief under section 2254. Notwithstanding this fact, he is also not entitled to federal relief for reasons that the Court will now discuss.

    B.  Guilty Plea Issue

Petitioner's conviction for the offense of robbery was obtained because he pled guilty. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *U.S. v. Broce*, 488 U.S. 563, 569 (1989). Consequently, a plea of guilty amounts to more than a mere confession, it is instead "an admission that [the defendant] committed the crime charged against him." *Id*. at 570; *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). Accordingly, any challenge to a conviction obtained by a guilty plea is limited to issues concerning the voluntariness of the plead, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

To meet constitutional requirements, a defendant's plea must be made voluntarily, with an understanding of the nature of the charges against him, and the consequences of his plea. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1389 (5th Cir. 1995). A defendant is considered to be fully aware of the consequences of his plea when he understands the length of time he might serve. *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993). A petitioner's formal plea

declarations in open court carry a strong presumption of truth and, therefore, when attacking such pleas a petitioner must meet a heavy burden of proof. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Here, upon careful review of his pleadings, Petitioner clearly does not allege that he did not understand the nature of the charges against him, and nothing in the record suggests that he pled without such an understanding. He also does not allege that he did not comprehend the punishment range for the offense. Furthermore, the record does not reflect, nor does Petitioner allege, that his guilty plea was coerced because of counsel's actions. Instead, the record reflects that Petitioner appeared before the trial court judge on December 2, 2004, at which time he waived his right to a jury trial, waived his right to a reading of the indictment, and, upon being asked by the trial court judge, informed the trial court that he wished enter a plea of guilty. *Ex parte Taylor*, WR-63,755-01 at 5-6. The trial court judge admonished Petitioner of the consequences of his plea and the range of punishment for the offense of robbery. *Id*. The trial court judge then, being satisfied that Petitioner was competent to stand trial, that he had not been influenced into pleading guilty based on any consideration of fear or any coercion, and that he understood the charges against him and the range of punishment, found that Petitioner was voluntarily pleading guilty to the charge against him, and, only thereafter, accepted his plea of guilt. *Id*.

Since the record clearly reflects that Petitioner entered his guilty plea knowingly, intelligently, and voluntarily, he has effectively waived all of the non-jurisdictional defects of which he now complains. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In particular, Petitioner has

4

waived his claim that he received ineffective assistance of counsel,[1] that the trial court erred,[2] and that there was no or insufficient evidence to support his conviction.[3]

The Court **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED** in its entirety.

C. Merits of § 2254 Claims

In the alternative, even assuming that these non-jurisdictional defects were not waived, federal habeas corpus relief is not warranted under section 2254 because Petitioners's claims are without merit. The Court will address each claim in turn.

1. *Ineffective Assistance of Counsel Issues*

Petitioner's claims that he received ineffective assistance of counsel because his attorney failed to obtain a psychiatric evaluation to prepare his defense. Petitioner also claims that his attorney refused to return his phone calls or respond to his letters and, by not mounting an adequate defense, only sought to have him plead guilty. Fed. Writ Pet. at 7-8.

Claims of ineffective assistance of trial counsel are measured by the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Hill v. Lockhart*, the Supreme Court extended the application of *Strickland* to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S.

---

[1] *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (except as the alleged ineffectiveness relates to the voluntariness of the plea, claims of ineffective assistance of counsel are waived where petitioner did not allege or establish that his guilty plea was entered as a result of attorney's conduct); *see also Magallanes v. Scott*, 43 F.3d 670 (5th Cir. 1994) (concluding that ineffective assistance of counsel claims, which included allegations of failure to investigate a self-defense theory, failure to adequately meet and consult with him regarding case, and failure to introduce evidence concerning the victim's propensity for violence, were waived).

[2] *See U.S. v. Taylor*, 814 F.2d 172, 174 (5th Cir. 1987) (claim that judge failed to rule on pretrial motions was waived by pleading guilty).

[3] *See Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. Unit , 1981) (guilty plea waives claim that evidence was legally insufficient to support conviction).

52, 57-58 (1985). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate, by a preponderance of the evidence, that his attorney's performance was deficient and that he was prejudiced as a result of the deficiency. *Strickland*, 466 U.S. at 687. A petitioner bears the burden of proof on both prongs of this test. *Id.* at 693. A failure to establish either prong of *Strickland* necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687.

Judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). Further, when reviewing these claims, a court must make every effort to eliminate the "distorting effects of hindsight." *Id*. In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

To establish prejudice in the context of a guilty plea, a petitioner must establish that, but for attorney's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. A later self-serving statement made by the petitioner that he would not have pled guilty, unaccompanied by either a claim of innocence, or articulation of a plausible defense, is insufficient to establish this prejudice. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (mere allegation that petitioner would not have pled guilty is insufficient); *Berkey v. U.S.*, 318 F.3d 768, 772-73 (7th Cir. 2003) (mere allegation that petitioner would have proceeded to trial is insufficient).

Petitioner claims counsel was deficient for failing obtain a psychiatric evaluation. Petitioner does not, however, allege that he informed his attorney of a desire to have an evaluation or present an insanity defense. With regard to his mental state, Petitioner merely claims that he "has been on an M.H.M.R. caseload for approximately 10 years," and that he "was told by counsel that a psychiatric evaluation would take place." Fed. Writ Pet. at 7a. Having offered no evidence that his attorney should have known he wished to present an insanity defense, Petitioner cannot now argue that his attorney was deficient for failing to procure an examination. *See Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992) (where petitioner failed to demonstrate that his attorney would have reason to believe petitioner suffered from a mental defect, petitioner failed to show his attorney was ineffective for not obtaining a psychological expert). Nevertheless, even to the extent that he had, Petitioner does not allege, nor does he provide any evidence, of how any such evaluation would have assisted in providing a plausible defense to the charge of aggravated robbery. *See* Tex. Code Crim. Proc. Art. 46.03, §2. Petitioner's conclusory statements are not sufficient to raise a constitutional issue in a habeas case. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Having failed to overcome the presumption that his attorney rendered adequate assistance and also failed to allege or establish that counsel's conduct prejudiced him, Petitioner's claim fails.[4]

---

[4] Even to the extent that Petitioner's claim is that counsel provided ineffective assistance by failing to obtain a psychiatric evaluation because he was incompetent to stand trial, this claim too would be without merit because it is entirely conclusory and unsupported by any evidence. A defendant is incompetent to stand trial in Texas only when he either: (1) does not have sufficient ability to consult with his attorney with a reasonable degree of understanding or (2) lacks a rational and factual understanding of the proceedings against him. Tex. Code Crim. Proc. Art. 46.02, § 1(A). Petitioner fails to present any evidence that he was incompetent to stand trial. Moreover, the record stands in contradiction to any such claim. In particular, after being properly admonished, he informed the trial court judge that he understood not only the charges, but also the range of punishment, and the trial court judge made the factual determination that he was competent and was entering his guilty plea knowingly, intelligently, and voluntarily.

In a separate claim Petitioner also alleges that his attorney was ineffective for failing to return phone calls, respond to letters, and mount an adequate defense. Fed. Writ Pet. at 8. Petitioner's conclusory claims, unsupported by any evidence, are insufficient to establish his claim. Moreover, he fails to demonstrate that, but for counsel's conduct, he would not have accepted the plea bargain agreement and pled guilty, and would have instead proceeded to trial. *Hill*, 474 U.S. at 59.

The Court **RECOMMENDS** that the Respondent's Motion be **GRANTED** on this issue.

2. *Trial Court Issues*

Petitioner contends that the trial court judge abused his discretion by denying Petitioner's motion to dismiss his court-appointed attorney and appoint him new counsel. Petitioner claims he "filed motions to dismiss counsel," but that "[n]o action was taken on the motions." Fed. Writ Pet. at 7. Petitioner's also contends that by denying his attorney's motion to withdraw, the trial court not only abused his discretion, but violated his due process right to present witnesses to refute the State's case against him in its desire for expediency.

The Sixth Amendment guarantees the right to counsel. U.S. CONST. amend. VI. This right, however, does not include the right to counsel of defendant's choice. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). The decision of who to appoint as counsel to an indigent defendant is left to the sound discretion of the judge. *Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983). Furthermore, it is within the trial court judge's discretion to deny a change of counsel on the day of trial if the change would require a continuance. *See Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982).

Contrary to his claims, a review of the state court records does not reflect that Petitioner actually filed any written motions to dismiss his court-appointed attorney. Instead, the record only

8

reflects that on November 4, 2004, Petitioner's attorney made an oral motion to withdraw as defense counsel and the trial court denied the motion. *Ex parte Taylor*, No. WR-63,755-01, at 2. As discussed, Petitioner presents no evidence that he notified his attorney of his desire for a psychiatric evaluation and an expert to prepare a defense. Nor does he present any evidence that he informed the trial court of his attorney's alleged unwillingness to obtain a psychiatric evaluation and to procure an expert in preparation of his defense. Petitioner fails to establish his Sixth Amendment rights were violated or that the trial court abused its discretion in denying his attorney's oral motion to withdraw.

Petitioner also appears to claim that the trial court failed to construe the oral motion to withdraw as a motion for continuance and, thereby, in it's quest for expediency, essentially denied him sufficient time to procure a psychiatric evaluation and an expert, which he now claims was his "only avenue of defense." Pet'r Memo. at 5-6. A decision to grant a continuance is normally within the sound discretion of the trial court judge after considering the circumstances of the case and the reason the continuance is requested. *Unger v. Sarafite*, 376 U.S. 575, 589 (1964). Moreover, in order to obtain federal habeas corpus relief based on a claim of a denial of a continuance, a petitioner must show "an abuse of discretion that was so arbitrary and fundamentally unfair as to violate the constitutional principles of due process. *Newton v. Dretke*, 371 F.3d 250, 254 (5th Cir. 2004). Here, Petitioner makes no such showing.

Initially, it undisputed that a motion for continuance was not requested either by Petitioner or his attorney. There is also no evidence to suggest that the trial court judge was informed of the nature of Petitioner's alleged concerns so that the judge might have taken it upon himself to construe counsel's oral motion to withdraw as a motion for continuance. Nevertheless, even assuming that the trial court was aware of Petitioner's desire to have a psychiatric evaluation and obtain an expert

9

to prepare his defense, Petitioner has not shown any such failure to grant a continuance harmed him. *See Newton*, 371 F.3d at 254. The record clearly reflects that, while the trial court denied the motion on November 4, 2004, Petitioner did not return to court until nearly a month later on December 2, 2004. Petitioner does not explain why he was unable to obtain a psychiatric expert during the intervening time period, nor does he explain why he failed to request a continuance from the trial court at that time. Instead, the record reflects that when Petitioner returned to the trial court on December 2, 2004, he informed the court that he had chosen to accept the plea bargain agreement and wanted to enter a plea of guilty to the offense of second degree robbery. Petitioner's claims, conclusory and unsupported by any evidence, must be dismissed.

The Court **RECOMMENDS** that the Respondent's Motion be **GRANTED** on this issue.

3. *Sufficiency of Evidence Issue*

Although not separately set forth as an issue in his federal habeas corpus application, Petitioner alleges in his Memorandum supporting his federal Petition that there was no evidence or insufficient evidence to support his conviction for robbery. Pet'r Memo. at 6-9. Petitioner's claim fails. When an inmate pleads guilty to the charged offense, he cannot later argue in a federal habeas corpus petition that the evidence was legally insufficient. *Kelley v. Alabama*, 636 F.2d at 1083-84; *Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986).

The Court **RECOMMENDS** that the Respondent's Motion be **GRANTED** on this issue.

## CONCLUSIONS

For all the reasons stated herein, the Court **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Instrument No. 15) be **GRANTED** and that the Petition for a Writ of Habeas Corpus of Timothy Wayne Taylor (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **June 22, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____6th_____ day of June, 2007.

John R. Froeschner
United States Magistrate Judge

11